# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DAVID VOYLES, | ) |
|     Plaintiff, | ) |
| v. | )     No. 1:07CV42 LMB |
| SHERIFF OF BUTLER COUNTY, MARK DOBBS, | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion for summary judgment. Plaintiff filed a response to the motion, and the issues have been fully briefed. For the following reasons, the Court will grant defendant's summary judgment motion.

## BACKGROUND

Plaintiff is currently incarcerated at the Western Missouri Correctional Center. He brings the instant action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights in February of 2007. Named as the defendant is the Sheriff of Butler County, Mark Dobbs. During February and March of 2007 plaintiff was detained in Butler County Jail on a probation violation. Plaintiff claims that during this time period he was subjected to an unlawful delay in receipt of his

high blood pressure medication in violation of his constitutional rights. Plaintiff seeks both monetary and punitive damages.

## FACTS[1]

Plaintiff asserts that prior to his incarceration at the Butler County Jail, he was diagnosed with high blood pressure for which he had been prescribed, and had taken, medication since 1997. Plaintiff claims that when he was detained at the Butler County Jail on February 3, 2007, he had medication for high blood pressure "in his property." Plaintiff alleges that despite entering the jail with his blood pressure prescription, he had to make a written request to receive the medication. He asserts that on February 5th, 7th and 9th and/or 10th of 2007, he made written requests for medical treatment in order to obtain medication for his high blood

---

[1]The Court adopts the statement of uncontroverted material facts presented by defendant in his motion for summary judgment. This statement of facts is supported by defendant's affidavit, the deposition testimony of plaintiff and institutional documents. Although plaintiff responded to defendant's summary judgment motion, he did not respond to the statement of facts. Because plaintiff failed to submit a statement of material facts as to which he contends a genuine issue exists, as required by Local Rule 4.01(E), for purposes of this motion plaintiff is deemed to have admitted all facts which were not specifically controverted. See Deichmann v. Boeing Co., 36 F.Supp.2d 1166, 1168 (E.D.Mo.1999); see also Ridpath v. Pederson, 407 F.3d 934, 936 (8th Cir.2005) (where plaintiff did not controvert defendant's statement of material fact, it was deemed admitted under E.D. Mo. Local Rule 4.01(E)).

pressure, but that he did not receive immediate responses to his requests.[2] Plaintiff maintains that it was not until February 12, 2007 that he was examined by medical personnel, and that it was on this date that he first received medication for his high blood pressure. Plaintiff claims that from February 12, 2007 through March 2, 2007, he received his blood pressure medication on a daily basis. Plaintiff was transferred to the Missouri Department of Corrections on March 2, 2007.

Plaintiff has not alleged the name of the person from whom he sought medical care, only testifying that he posted his request outside his cell and waited for a guard to process the request. Namely, he has not made any allegation or produced any evidence that he gave his requests to defendant Dobbs. Defendant Dobbs has testified that at the time of plaintiff's incarceration at Butler County Jail, he was not aware that plaintiff suffered from a serious medical need, nor was he aware of any alleged delay in providing plaintiff with his blood pressure medication.

---

[2] As part of his motion for summary judgment, defendant has submitted a copy of the records maintained by the Butler County Jail regarding the incarceration of plaintiff. The records indicate that plaintiff made only one written request for medical treatment on February 7, 2007 for high blood pressure, and that he was examined by a medical provider on February 8, 2007. The records also evidence that plaintiff refused to take his blood pressure medication on February 15th, 16th, and 18th of 2007. Despite this record evidence, for the purposes of defendant's motion for summary judgment, he has asked the Court to take plaintiff's allegations, as outlined in his deposition testimony, as true in order to avoid a disputed issue of material fact. Accordingly, for the purposes of this motion, the Court will accept plaintiff's version of events as true.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The United States Supreme Court has noted that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.' " Id. at 327 quoting Fed.R.Civ.P. 1. "By its terms, [Rule 56(c)(1) ] provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for judgment; the requirement is that there be no genuine issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis added). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one such that "a reasonable jury could return a verdict for the nonmoving party." Id. Further, if the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, ... there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element

of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23.

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir.1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson, 477 U.S. at 249. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); Stone Motor Co. v. Gen. Motors Corp., 293 F.3d 456, 465 (8th Cir.2002). To meet its burden, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. Anderson, 477 U.S. at 249; Celotex, 477 U.S. at 324. "If the

non-moving party fails to produce such evidence, summary judgment is proper." Olson v. Pennzoil Co., 943 F.2d 881, 883 (8th Cir.1991).

The Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." Kampouris v. St. Louis Symphony Soc., 210 F.3d 845, 847 (8th Cir.2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." Id.

## **DISCUSSION**

Plaintiff claims that he was subjected to an unlawful delay in receipt of his high blood pressure medication in violation of his constitutional rights. When this alleged constitutional violation occurred, plaintiff was incarcerated at the Butler County Jail awaiting hearing on a probation violation. Plaintiff's status while incarcerated at the Butler County Jail is therefore analogous to that of a pretrial detainee. Accordingly, the constitutional rights implicated in this case are the due process protections afforded a pretrial detainee under the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 (1979).

The Eighth Circuit applies the same analysis for pretrial detainees claiming a deliberate indifference to a serious medical need under the Fourteenth Amendment

as applied to convicted prisoners under the Eighth Amendment. <u>Vaughn v.Greene County</u>, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); <u>Hartsfield v. Colburn</u>, 371 F.3d 454, 457 (8th Cir. 2004) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim); <u>see also</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) (Eighth Amendment); <u>Camberos v. Branstad</u>, 73 F.3d 174, 175 (8th Cir. 1995) (same).

"As a general matter, a prison official commits an Eighth Amendment violation only when two requirements are met: (1) the deprivation alleged must be objectively, sufficiently serious, and (2) a prison official must be, as a subjective state of mind, deliberately indifferent to the prisoner's health or safety." <u>Aswegan v. Henry</u>, 49 F.3d 461, 464 (8th Cir.1995); <u>Tokar v. Armontrout</u>, 97 F.3d 1078, 1081-82 (8th Cir. 1996). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. <u>Estelle</u>, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must prove that officials knew about excessive risks to his health but disregarded them, and that their unconstitutional actions in fact caused him injury. <u>Gibson v. Weber</u>, 433 F.3d 642, 646 (8th Cir. 2006).

By plaintiff's account, the delay in medical treatment occurred from February 3rd to February 12th, when he was finally offered his blood pressure medication. The record evidence shows that defendant Dobbs had no knowledge of plaintiff's medical condition and/or the delay in treatment. In fact, plaintiff has not even alleged that defendant Dobbs had this objective knowledge, and defendant cannot be held liable under a theory of *respondeat superior*. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 suits). Accordingly, defendant is entitled to summary judgment on this basis, alone.

Even if plaintiff had shown that defendant Dobbs knew of his medical condition but disregarded it, his claims would still fail to survive summary judgment. When an inmate alleges that a delay in medical treatment rises to the level of an Eighth Amendment violation, "the objective seriousness of the deprivation should also be measured by reference to the effect of delay in treatment." Laughlin v. Schriro, 430 F.3d 927, 928 (8th Cir. 2005). To establish this effect, the inmate must

place verifying medical evidence in the record.  Id.  Plaintiff has failed to allege, and/or submit, any evidence establishing that the delay in treatment had a detrimental effect on his medical condition.  In fact, plaintiff testified in his deposition that no medical provider had told him that the delay in receiving his blood pressure medication had any effect on his condition.  Moreover, none of plaintiff's medical records indicate that he ever complained, or his doctors ever found that, the delay caused any detrimental effect to plaintiff's health.  Thus, plaintiff has failed to raise a genuine issue of material fact on an essential element of his claim, and defendant is entitled to summary judgment.

## **CONCLUSION**

Based on the aforementioned, the Court finds that plaintiff has failed to introduce any evidence which would enable a jury to return a verdict for plaintiff on his delay in medical treatment claims.  See Anderson, 477 U.S. at 249.  As such, the granting of defendant's motion for summary judgment is proper.  Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. #20] is **GRANTED**.

Dated this   15th   Day of July, 2008.

_____
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE